[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 15-11407
Non-Argument Calendar

_____

D.C. Docket No. 6:14-cv-00293-GAP-TBS

AEROTEK, INC.,

Plaintiff-Appellant,

versus

KEVIN ZAHN,
JASON JIMENEZ,
CRAWFORD THOMAS, LLC,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(August 26, 2015)

Before MARCUS, WILLIAM PRYOR, and ANDERSON, Circuit Judges.

PER CURIAM:

Recruitment firm Aerotek, Inc. ("Aerotek") brings this action against two former employees and their new employer, Crawford Thomas, LLC ("C-T").  At issue in the appeal is a claim against C-T for tortious interference.  Aerotek alleges that C-T's employment relationship with Kevin Zahn and Jason Jimenez ("Employees")—both bound by restrictive covenant—intentionally and unjustifiably interferes with Aerotek's contractual relations.

On motion to dismiss, the district court framed the issue as "whether a new employer has a duty to terminate employees when it learns they are subject to non-complete agreements with a former employer."  The district court dismissed the tortious interference claim against C-T by assuming that C-T only came to know of the Employees' obligation to Aerotek after their hiring, and holding that such delayed knowledge is insufficient to support the claim under Florida law.  On appeal, Aerotek argues that continuing interference with restrictive covenants is actionable, and that the district court improperly assumed that C-T came to know of the Employees' obligation to Aerotek only after their hiring.

The Court reviews de novo a grant of a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).  Mills v. Foremost Ins. Co., 511 F.3d 1300, 1303 (11th Cir. 2008).  "[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint."  Erickson v. Pardus, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200 (2007).

2

In Florida, the elements of tortious interference are "(1) the existence of a business relationship that affords the plaintiff existing or prospective legal rights; (2) the defendant's knowledge of the business relationship; (3) the defendant's intentional and unjustified interference with the relationship; and (4) damage to the plaintiff." Int'l Sales & Serv., Inc. v. Austral Insulated Prods., Inc., 262 F.3d 1152, 1154 (11th Cir. 2001). The district court reasoned that the alleged breach of contract—C-T hiring the Employees—is not the sort of wrong that can continue to occur; although the harm may continue to accrue to Aerotek, this harm all occurred as the result of a single breach. If C-T had no knowledge of the contract at the time of the Employees' breach, then C-T could have no liability. The district court's dismissal was improper for multiple reasons.

First, the district court's determination that C-T only came to know of the Employees' obligation to Aerotek after their hiring is erroneous given the requirement to accept as true all factual allegations contained in the complaint. Although Aerotek noted that it had provided notice to C-T through a cease-and-desist letter, that statement in Aerotek's memorandum in opposition to dismissal is not at all inconsistent with knowledge of the covenants by C-T prior to receipt of the letter. Taking all reasonable inferences from the complaint in favor of Aerotek,

we believe there is a reasonable inference that C-T had knowledge at the time of the hires.[1]

Second, the restrictive covenants here prevented the Employees both from employment with Aerotek's competitor[2] and communication with any of Aerotek's customers.[3]  Aerotek alleged that Zahn communicated with at least one Aerotek client in violation of the Non-Solicitation covenant.  As noted above, the district court framed the issue as "whether a new employer has a duty to terminate employees when it learns they are subject to non-complete agreements with a former employer."  In framing the issue and proceeding with its analysis, the district court did not consider whether breach of the Non-Solicitation covenant could have occurred with C-T's knowledge.

Third, in Winn-Dixie Stores, Inc. v. Dolgencorp, LLC, 746 F.3d 1008, 1043 (11th Cir. 2014), this Court concluded "that Florida law recognizes a continuing violation principle when restrictive covenants are violated by ongoing, separate acts."  We upheld the district court's reasoning that each day that the defendant operated a grocery store in violation of the restrictive covenant constituted another breach.  Id.  That is, not only did opening the grocery store violate the restrictive

---

[1]    Knowledge can be pled generally.  Fed.R.Civ.P. 9.  Aerotek is entitled to discovery to ascertain the precise timing of C-T's knowledge.

[2]    Non-Compete Covenant

[3]    Non-Solicitation Covenant

4

covenant, but ongoing operation violated as well.  Id. at 1043-44.  Extending this reasoning to the matter at hand, there are reasonable inferences that each day that the Employees worked in violation of the covenants constituted a separate breach, and that each day that C-T employed Employees knowing that they were acting in violation of the Non-Compete covenant and/or the Non-Solicitation covenant constituted a separate breach.  Thus, it was not only the *hiring* of the Employees that breached the covenants. [4]  Taking the reasonable inferences in favor of Aerotek, we believe there are allegations that C-T had knowledge of such breaches following receipt of the cease-and-desist letter, and therefore, Aerotek pled a plausible prima facie case of tortious interference.

We reverse the dismissal of the claim against C-T and remand for additional proceedings, not inconsistent with this opinion.

REVERSED AND REMANDED.

---

[4]    It is worth noting that Winn-Dixie addressed covenants running with the land and breach of those covenants; the case did not involve a claim for tortious interference.  746 F.3d at 1043. Yet this distinguishing factor actually favors Aerotek, because that defendant's best argument in Winn-Dixie had nothing to do with knowledge, but rather was that the continuing tort doctrine should not apply because the case sounded in contract.  Id. at 1042.  Here, we have a tort case.